IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PADRE NTERPRISES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV674 |
| | § | |
| HUGH GARY RHEA d/b/a | § | |
| RMP CROP INSURANCE | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff's Motion to Remand (Dkt. 25). As set forth below, the Court finds that the motion should be DENIED.

### STANDARD

Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c). The removing party has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). A court may remand a case on the basis of any valid defect identified in a motion to remand as long as it is made within 30 days of removal, and a court is required to strictly construe the removal statute in

favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

## BACKGROUND

This case was removed to this Court based on diversity jurisdiction. In his original Notice of Removal (filed in the Northern District of Texas), Defendant argued that he was a "resident" of the State of Iowa. *See* Dkt. 1. After the case was transferred to this District, Defendant filed an opposed Motion for Leave to Amend Notice of Removal. The Court has granted Defendant leave to amend his jurisdictional facts. Defendant's First Amended Notice of Removal expounds on the facts behind the alleged diversity jurisdiction, indicating that Plaintiff is a Texas citizen and that he is – and was at the time of the filing of the suit – a citizen of Iowa. *See* Dkt. 12.

Plaintiff filed a motion to remand, arguing that Defendant is a citizen of Texas, not Iowa. Defendant opposes arguing that he is – and has been – a citizen of Iowa.

When this case was filed in Denton County on September 12, 2011, Plaintiff named Hugh Gary Rhea and RMP Crop Insurance as Defendants. Because Defendant RMP Crop Insurance is an unincorporated sole proprietorship of Hugh Gary Rhea, Defendant Hugh Gary Rhea d/b/a RMP Crop Insurance appeared on behalf of both Defendants in his removal of the case on October 17, 2011. Thus, Defendant's citizenship here is determined by Rhea's citizenship. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). And, the Court must determine whether Defendant Hugh Gary Rhea was a citizen of Texas or Iowa during September and October 2011 for the purposes of establishing diversity jurisdiction.

"When deciding a motion to remand, all contested factual allegations are construed in Plaintiff's favor, including those relevant to citizenship of the parties." *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp.2d 602, 608 (N.D. Tex. 2009). It is accordingly Defendant's burden to prove his purported citizenship.

## ANALYSIS

In this case, Rhea argues that there is diversity jurisdiction because has been an Iowa citizen at all times relevant to the filing and removal of this suit. A person is considered a citizen of a state within the meaning of the diversity provision if he is domiciled there. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). In determining a person's domicile, courts look to a variety of factors, including the place where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). No single factor is determinative, but statements of intent to change or remain in a domicile are given little weight when they conflict with the objective factors above. *Id.*

In support of his claim that Iowa is his true, fixed and permanent home, Defendant Rhea has offered the following evidence: an affidavit,[1] a copy of his voter registration card, a copy of his

---

[1] Contrary to Defendant's arguments, the Court finds that the fact that this affidavit and other affidavits submitted by Defendant in this case were sworn to in Texas is irrelevant to

driver's license, a copy of his State of Texas insurance broker's license, a copy of his State of Iowa insurance broker's license, a copy of his automobile insurance certificate, copies of banking statements, and a copy of a page from an internet newspaper he purportedly publishes. *See* Dkt. 29.

According to Defendant's sworn affidavit, he travels from Iowa and lives elsewhere (presumably Texas) in a motor home "during planting/harvest seasons and during emergency weather disasters, in order to service customers who live outside [his] home state of Iowa." Dkt. 29-2. Defendant's voter registration card, which he claims is current, lists a date of registration as 10/3/2000 and lists an Iowa address. Dkt. 29-3. The same address is listed on his Iowa driver's license with a 2009 date of issuance and a 2014 year of expiration.[2] Dkt. 29-4. Defendant's insurance license with the State of Iowa appears to have been issued to the same Iowa address and has an effective date of 7/1/2011 and an expiration date of 6/30/2014. Dkt. 29-6. Although his address is not listed, Defendant's automobile insurance card for February 2011 until February 2012 is called an "Iowa Insurance Card" and lists two insured vehicles. Dkt. 29-7. The Court agrees that these documents weigh in favor of Defendant's claim that Iowa is his true, fixed and permanent home.

Defendant's other evidence in support of his claim that Iowa is his domicile are less convincing. Defendant's insurance license with the State of Texas lists the same Iowa address as all of his other documents but expired on 9/30/2010. Dkt. 29-5. Therefore, it has little bearing on whether he should be considered a citizen of this state.

[2] It is unclear to the Court why the month of expiration on Defendant's driver's license has been redacted. Nonetheless, regardless of the month, the license has not yet expired.

4

the jurisdictional facts in this matter which was filed in 2011. Similarly, the two billing and banking statements submitted by Defendant are for time periods preceding September 2011, *see* Dkt. 29-8, therefore, they have little bearing on the Court's analysis, other than to establish that, several months prior to the filing of the suit, Defendant was receiving banking statements at the same Iowa address as the address listed on all other pieces of evidence. Finally, Defendant attaches an internet article regarding market conditions authored by "Gary Rhea, Des Moines, IA." Dkt. 29-9. The article is unauthenticated, and the date of the article is not clearly noted. Moreover, even if it were properly authenticated, the Court finds that it fails to establish that Iowa is its author's fixed and permanent home. Therefore, it too bears no relevance on the Court's analysis here.

The gravamen of the dispute here is a July 1, 2011 letter mailed by Defendant's daughter to his customers stating that he is "now living full time in the [Denton] area." Dkt. 18-1 at 10. Defendant's sworn affidavit states that the statement within the letter was intended to "assure my customers that *my business services* would be readily available to them during the fall and spring crop seasons." Dkt. 29-2 (emphasis in original). Plaintiff has filed a motion to strike this and other statements in Defendant's affidavit, arguing that they are not based on personal knowledge. The Court agrees that Rhea has no personal knowledge as to the intended purpose of his daughter's statement and grants the motion to strike in part. The Court has disregarded any statements made by Rhea that are not based on personal knowledge. However, the Court further notes that Plaintiff has not demonstrated that Kristen Rhea is a party opponent such that the letter would not be hearsay or would serve as competent evidence of anything. *See* FED. R. EVID. 801. The Court is simply not

convinced of its import here.

Nonetheless, even if the Court were to consider the letter as evidence weighing in favor of Texas citizenship, the Court finds that it is far outweighed by the other evidence offered by Rhea. A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Even if it were competent evidence, the letter from July 2011 does not state any intent – as of September and October 2011 – by Hugh Gary Rhea to remain in Texas. And, even if *her* statement – a statement not made by Defendant himself – could be construed as a statement of *his* intent of residency, statements of intent to change or remain in a domicile are given little weight when they conflict with the other objective factors. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). Here, Rhea has offered current driver's and insurance licenses, voter's registration, and an insurance card indicating Iowa citizenship. He also offers sworn statements that Iowa was his permanent home, even though he traveled to Texas in a motor home during harvest. Although Defendant argues that harvest season lasts up to nine months, this does not take away from a showing that Iowa is his true, fixed and permanent home. The Court finds that Rhea has sufficiently shown the that he was an Iowa citizen in September and October 2011 – the time period relevant to determine diversity of citizenship here. Therefore, Plaintiff's Motion to Remand (Dkt. 25) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28

U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 29th day of March, 2012.**

                                        DON D. BUSH
                                        UNITED STATES MAGISTRATE JUDGE