**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **PADRE NTERPRISES, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:11CV674** |
| | § | |
| **HUGH GARY RHEA d/b/a** | § | |
| **RMP CROP INSURANCE** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Defendant's Motion to Dismiss (Dkt. 10) and Defendant's Motion

for Leave to Amend Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss

(Dkt. 26).  In his motion to dismiss, Defendant Hugh Gary Rhea d/b/a RMP Crop Insurance seeks

dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5).  As set forth below, the Court

GRANTS Defendant's Motion for Leave to Amend Defendant's Reply to Plaintiff's Response to

Defendant's Motion to Dismiss (Dkt. 26) and finds that Defendant's Motion to Dismiss (Dkt. 10)

should be GRANTED as to the quashing of the service but DENIED as to the request for dismissal.

STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule

12(b) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v.*

*Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).  Rules 12(b)(4) and 12(b)(5), respectively,

provide defenses for insufficiency of process and insufficiency of service of process.  FED. R. CIV. P. 12(b)(4),(5).  In addition to constituting grounds for dismissal, insufficient process and insufficient service of process also implicate a court's authority to exercise personal jurisdiction over a defendant.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 1327, 143 L. Ed.2d 448 (1999) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  Therefore, if Defendant here was not properly served with process, this Court cannot exercise jurisdiction over it or this matter.

A defendant must raise an objection to the sufficiency of process or service in his answer or pre-answer motion.  FED. R. CIV. P. 12(h)(1).  If objections to service are not raised in the answer or pre-answer motion, they are waived.  *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018 (5th Cir. 1995).  Importantly, however, as long as the objection is made in a timely fashion, a defendant's appearance in the suit does not waive the objection to service.  *See, e.g., McCarter v. Harris County*, 2006 WL 1281087 (S.D. Tex. 2006) (rejecting the argument that defendant waived grounds for dismissal because it had filed an answer in the suit).

## ANALYSIS

Defendant here seeks dismissal based on improper service.  Defendant raised the issue of improper service in his notice of removal, as well as in his motion to dismiss initially filed one day after the case was removed, and then again in his re-urged motion to dismiss after the case was transferred here (*see* Dkts. 1, 2, 10).  Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process.  FED. R. CIV. P. 4.  In addition to

2

service under the federal rules, Rule 4(h)(1) allows service of process to be effectuated in accordance with Rule 4(e)(1), which states that service of process may be made "pursuant to the law of the state in which the district court is located, or in which service is effected." FED. R. CIV. P. 4(e)(1).  The Texas and Federal Rules of Civil Procedure both require a properly-executed summons (or the equivalent) to be served upon the defendant in order for process to be sufficient.  FED. R. CIV. P. 4(c)(1); TEX. R. CIV. P. 106(a)(2).

In this case, among other grounds for improper service, Defendant claims that he was not served with the citation.  Defendant claims that, at the time of removal, there was no return of service on file.  According to Defendant, his daughter, Kristin Rhea, was handed a copy of Plaintiff's state court petition and told that she was served.  Kristin Rhea has submitted a sworn affidavit claiming that the only document given to her was a copy of Plaintiff's First Amended Petition and Request for Disclosure. Defendant similarly claims that he received a copy of the petition from his daughter but not the citation.

After this matter was removed and after Defendant filed his motion to dismiss claiming there was no return of service on file, Plaintiff filed a state court return of service (dated September 26, 2011, but not filed until October 20, 2011) indicating that Kristen [sic][1] Rhea was served with a copy of the citation and Plaintiff's First Amended Petition and Request for Disclosure on September 23, 2011.  *See* Dkt. 16.  A week later, Plaintiff filed an Affidavit of Lost Citation, in which the process server states "[a]fter delivery of process to [sic] the defendant, it was determined the Court issued

---

[1]Ms. Rhea's name is spelled various ways on the record but it appears that the proper spelling, as indicated by her affidavit is "Kristin."  *See* Dkt. 10-3.

Return of Service may have inadvertently been left with the Defendant but it has been lost or misplaced and cannot be located." Dkt. 17.  Ten days after filing this, Plaintiff filed a second return of service (dated November 15, 2011) indicating that Kristen "Rheal" was served with a copy of the citation and Plaintiff's First Amended Petition & Request for Disclosure on September 23, 2011. *See* Dkt. 18.  All three filings are sworn to by the same affiant, process server, Wayne Neal.

In conjunction with these multiple filings, Defendant filed a Motion for Leave to Amend Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. 26).  Although the certificate of conference indicated that the motion was opposed, Plaintiff filed no response in opposition.  The motion is GRANTED, notably because it addresses filings by Plaintiff after the original reply.  The Court has considered the amended reply in its recommendations here.

The Court finds that Plaintiff has failed to demonstrate proper service.  Once a defendant challenges the validity of service of process, the plaintiff has the burden to prove that service was proper.  *Carimi v. Royal Carribean Cruise Line, Inc.* 959 F.2d 1344, 1346 (5th Cir. 1992).  The proof of service submitted by Plaintiff is inconsistent.  While the first returned citation, dated September 26, 2011, indicates service, the affidavit of lost citation states that it could not be located, and the second return of service contains a different name of the individual served, although it is likely a mere misspelling, and is a new and separate filing.  The record is anything but clear.  And the Court agrees with Defendant that Plaintiff has failed to rebut the allegation that it was not served with a copy of the citation – as is required under Rule 106 of the Texas Rules of Civil Procedure (requiring deliver to the defendant a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto) and Federal Rule of Civil Procedure 4(c).

Technical as the requirement may be, proper service is required.[2]

Given the finding that service was not proper, this Court is now faced with whether dismissal is warranted.  If a plaintiff has not effected proper service within 120 days of filing the complaint, the court may either dismiss the action without prejudice or allow additional time for service.  FED. R. CIV. P. 4(m).  *Cf. Grant-Brooks v. Nationscredit Home Equity Servs.*, 2002 WL 424566 (N.D. Tex. 2002) (quashing service of process but denying motion to dismiss because 120-day time period to serve defendant had not expired).  Here, more than 120 days have passed since the filing of Plaintiff's complaint, and service has apparently never been properly made.

Upon a showing of good cause for the failure of service, the court must extend the time for service.  FED. R. CIV. P. 4(m).  Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules.  *See System Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990).  The plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules.  *Id.*

---

[2]Because the Court finds that the service is procedurally improper, the Court need not reach whether serving Kristin Rhea was permissible under Texas Civil Practice & Remedies Code § 17.021.  The Court notes, however, that it has now found that Defendant Gary Rhea is not a Texas citizen for diversity purposes, that there is evidence in the record that would show that Kristin Rhea is employed by and acted on behalf of her father's business, and that the Texas statute broadly permits service on "an agent or clerk employed in the office, place of business, or agency."  TEX. CIV. PRAC. & REM. CODE § 17.021.  This case is now active, Defendant has retained counsel and is aware of the claims against him, and once the technical requirement of service is satisfied, the Court expects that the parties will proceed on the merits.  The Court strongly encourages the parties to review Federal Rule 4(d)'s provisions regarding the waiver of service.

The Court finds that there is good cause here to extend the time to serve.  Since Defendant filed his motion, Plaintiff has attempted to cure the defects in service, although the Court has now found those attempts were unsuccessful.  Plaintiff's service of September 23, 2011 is quashed and Plaintiff shall have 30 days within which to properly effect service on Defendant.  If Plaintiff fails to do so, Defendant may seek dismissal accordingly.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 29th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

6