IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PADRE NTERPRISES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV674 |
| | § | |
| HUGH GARY RHEA d/b/a | § | |
| RMP CROP INSURANCE | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Plaintiffs' Third Motion to Dismiss Defendant's Second Amended Counterclaim for Failure to State a Claim (Dkt. 63) and Defendant's Motion for Dismissal of Plaintiff's Second Amended Complaint for Failure to State a Claim (Dkt. 65).

### FACTUAL BACKGROUND

Padre Nterprises, Inc. and H. Paul Newhouse ("Plaintiffs" or "Newhouse") filed their second amended complaint alleging various causes of action against Hugh Gary Rhea d/b/a RMP Crop Insurance. Newhouse contends that RMP contracted with him to act as a customer relations representative for mult-peril crop insurance in exchange for a commission. Newhouse alleges that he was to be paid a commission at the rate of 4% on any and all multi-peril crop insurance for RMP's business. Each, according to Newhouse, was responsible for their own expenses, but would split the cost for feeding farmers. Evidently, insuring crops is good business because Newhouse alleges that

1

the premiums increased from $1.8 million in 2009 crop year to $5 million for the 2011 crop year. After Newhouse's efforts, he alleges that RMP unilaterally changed the deal and advised him that only 2% in premiums would be paid. Newhouse alleges that most of the contract wheeling and dealing took place in Rhea's recreational vehicle which served as his office when he was in Texas. Newhouse alleges that RMP terminated their agreement and he is still owed $194,000.

On April 30, 2012, Plaintiffs PaDRE Nterprises, Inc. And Newhouse filed their Second Amended Complaint herein, asserting claims of fraudulent inducement, breach of contract, quantum meruit, promissory estoppel, and unjust enrichment. Dkt. 48. Plaintiffs seek actual and consequential damages and loss of goodwill, as well as attorney fees.

Rhea denies those allegations. Rhea alleges that Newhouse was less than candid in their relationship and told him he had a federal license and a Texas insurance license when he in fact did not. Further, he alleges that Newhouse was just plain incompetent and couldn't do the work. Rhea contends that Newhouse was secretly working for a competitor of RMP.

On June 26, 2012, RMP filed its Second Amended Counterclaim, asserting claims of breach of contract, fraud, and breach of duty of loyalty against Newhouse. Dkt. 61. RMP seeks actual and punitive damages and attorneys fees.

Both parties move to dismiss each other's claims for failure to state a claim upon which relief may be granted.

## STANDARD

A complaint will survive a motion to dismiss if its facts, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). A court's analysis generally should focus exclusively on what appears in the complaint and its proper attachments. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). We make all inferences in a manner favorable to the plaintiff, "but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152–53 (5th Cir. 2010). There is facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009).

## ANALYSIS

**Defendant's Amended Counterclaim**

The Court first turns to Plaintiffs' Third Motion to Dismiss Defendant's Second Amended Counterclaim for Failure to State a Claim (Dkt. 63).

*Breach of Contract*

Newhouse claims that since Rhea denied the existence of a contract in his pleadings, he cannot assert a claim for breach of contract in his counterclaim. In the Fifth Circuit "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has

the effect of withdrawing a *fact* from contention." *Martinez v. Bally's La., Inc.,* 244 F.3d 474, 476 (5th Cir. 2001) (emphasis added).

Generally, judicial admissions are "[s]tatements in pleadings that acknowledge the truth of some matter alleged by an opposing party." *See Children's Legal Serv. PLLC v. Kresch,* 545 F. Supp.2d 653, 661 (E.D. Mich. 2008) (quoting *Ahghazali v. Sec'y of HHS,* 867 F.2d 921, 927 (6th Cir.1989)) (internal quotations omitted). Moreover, the theory behind Federal Rule of Civil Procedure 8(b) addressing a defendant's admissions and/or denials to a plaintiff's complaint is that "a defendant's pleading should apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1261 (3d ed. 2011). A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. *Martinez,* 244 F.3d at 476. While the denial in Defendant's answer may be fruitful material for cross at trial, such does not foreclose Defendant from alleging a breach of contract claim. Defendant has stated a claim, and Plaintiffs' motion to dismiss (Dkt. 63) should be DENIED as to Defendant's breach of contract counterclaim.

*Fraud*

Plaintiffs also contend that RMP's counterclaim for fraud fails to state a claim for relief. The gravamen of RMP's fraud claim is that Newhouse didn't have two licenses (federal and state) when he entered into the contract, but assured RMP that he had such licenses. RMP also complains that

Newhouse represented he would give up his part time employment to recruit farmers.

State law fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338–39 (5th Cir. 2008). To plead fraud adequately, the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *ABC Arbitrage v. Tchuruk,* 291 F.3d 336, 350 (5th Cir. 2002) (internal quotation marks and citation omitted). As to the above facts, there is sufficient notice in Defendant's counterclaim. However, any other claims as to fraud are insufficient and fail to meet the sufficiency standard of Rule 9(b). As to Newhouse's assurance that he had both federal and state licenses and Newhouse's representation that he would give up his part time employment to recruit farmers, the motion to dismiss the counterclaim (Dkt. 63) should be DENIED. To the extent RMP thought it was raising any additional fraud claims, Newhouse's motion (Dkt. 63) should be GRANTED and those fraud claims dismissed.

*Breach of Loyalty*

As to the breach of loyalty claim, it is in essence a breach of fiduciary duty claim. The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and the defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. *Jones v. Blume,* 196 S.W.3d 440, 447 (Tex. App.- Dallas 2006, pet. denied). While an agency relationship imposes certain fiduciary duties on the parties, *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193 (Tex.

2002), courts consider all aspects of the parties' relationship "when determining the nature of fiduciary duties flowing between the parties." *National Plan Admr's,* 235 S.W.3d at 700. Thus, when determining the scope of an agent's fiduciary duty to his principal, we must examine "not only the nature and purpose of the relationship, but also agreements between the agent and principal." *Id.*

Here, the Court agrees that RMP's bare-bone allegations fail to state a claim for relief. Insufficient facts are alleged to state a claim for relief. Conclusory allegations as to the parties' relationship fail to suffice. Therefore, having reviewed the counterclaim, the Court finds that Plaintiff's motion to dismiss (Dkt. 63) should be GRANTED as to the breach of loyalty counterclaim.

**Plaintiffs' Amended Complaint**

RMP has also filed a Motion for Dismissal of Plaintiff's Second Amended Complaint for Failure to State a Claim (Dkt. 65). The basis of RMP's motion is that an action for contract and fraudulent inducement may not co-exist and that, since the contract was terminable at-will, there can be no cause of action for breach. RMP further argues that Newhouse continued the employment relationship after the alleged modification and Plaintiffs are therefore estopped from bringing their claims for breach of contract, fraud, and quantum meruit and unjust enrichment.

Newhouse cites to a Texas Supreme Court case for the proposition that a fraudulent inducement claim and contract claim can co-exist. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W. 2d 41 (Tex. 1998). Without a binding contract there can

6

be no detrimental reliance and thus no fraudulent inducement claim. In other words, when a party has not incurred a contractual obligation, it has not been induced to do anything. *See Haase v. Glazner*, 62 S.W.3d 795,798 (Tex. 2001). Newhouse has stated a claim for relief as to breach of contract and fraudulent inducement. Because the Court finds the breach of contract and fraudulent inducement claims to be sufficiently stated, the Court declines to dismiss Plaintiffs' unjust enrichment and quantum meruit claims on the contention that Plaintiffs' conduct waived those claims. Whether the evidence will support such equitable claims is not for the Court to decide at this juncture. Motion for Dismissal of Plaintiff's Second Amended Complaint for Failure to State a Claim (Dkt. 65) should be DENIED in its entirety and all of Plaintiffs' claims should proceed at this time.

## RECOMMENDATION

The Court recommends that Plaintiffs' Third Motion to Dismiss Defendant's Second Amended Counterclaim for Failure to State a Claim (Dkt. 63) be DENIED as to Defendant's breach of contract counterclaim, DENIED as to Defendant's fraud counterclaim based on Newhouse's assurance that he had both federal and state licenses and Newhouse's representation that he would give up his part time employment to recruit farmers, GRANTED as to any other fraud counterclaim asserted, and GRANTED as to Defendant's breach of loyalty claim, and that Defendant's Motion for Dismissal of Plaintiff's Second Amended Complaint for Failure to State a Claim (Dkt. 65) be DENIED in its entirety.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 31st day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE