IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PADRE ENTERPRISES, INC., et al. | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:11CV674 |
| | § | |
| HUGH GARY RHEA d/b/a | § | |
| RMP CROP INSURANCE | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
MOTIONS TO STRIKE DEFENDANT'S EXPERTS**

Now before the Court are Plaintiffs' Objections to and Motion to Strike and Exclude Testimony of Defendant's Experts (Dkt. 84) and Plaintiffs' Supplemental Expert Witness Objections (Dkt. 108). Having considered the motions and responses and the testimony and evidence presented at the April 9, 2013 and August 7, 2013 hearings, the Court finds that the motions should be GRANTED in part and DENIED in part.

In the motions, Plaintiffs ask the Court to strike the expert opinions of William C. Berry and Wendy Carlson.

**LEGAL STANDARD**

While the district court must act as a gatekeeper to exclude all unreliable expert testimony, "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 advisory committee's notes (2000) (citing *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 2796-97, 125 L.Ed.2d 469 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct.

1167, 143 L.Ed.2d 238 (1999)). Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the case; and (3) the evidence is reliable. *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997).

In this case, Defendant's challenges to Plaintiffs' experts primarily focuses on the reliability of their opinions. To be reliable and therefore admissible under Rule 702 of the Federal Rules of Evidence, expert testimony as to a scientific, technical, or other specialized area must: (1) assist the trier of fact to understand the evidence or to determine a fact in issue; (2) be based upon sufficient facts or data; (3) be the product of reliable principles and methods; (4) and have reliably applied the principles and methods to the facts. FED. R. EVID. 702. In evaluating the scientific validity or reliability of expert testimony, the Court in *Daubert* noted some non-exclusive factors for the district court to consider: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used; (4) the existence and maintenance of standards and controls in the methodology; and (5) whether the theory or method has been generally accepted by the scientific community. *Daubert,* 509 U.S. at 593-94, 113 S. Ct. at 2796-97. "But, as the Court stated in *Daubert,* the test of reliability is 'flexible,' and the *Daubert* factors neither necessarily nor exclusively apply to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co.*, 526 U.S. at 151, 119 S. Ct. 1167.

**ANALYSIS**

"When the principles and methodology are sufficient to allow the expert opinion to be presented to the jury, the party challenging the testimony must resort to 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof' as the means to attack 'shaky but admissible evidence.'" *Burton v. Wyeth-Ayerst Labs. Div. of American Home Prods. Corp.*, 513 F. Supp.2d 708, 710 (N.D. Tex. 2007) (citing *Daubert,* 509 U.S. at 596, 113 S. Ct. 2786). With respect to Carlson's analysis, the Court finds that her training, experience and background allow her to present evidence as to Rhea's signature. However, this does not suggest that her opinions are free from challenge. To the extent her handwriting analysis is flawed, that fact may be brought to the jury's attention through both cross and rebuttal testimony. However, the reliability of the handwriting analysis is sufficient to allow the jury to consider it.

However, the Court has a much different view of Mr. Berry's testimony. Berry, a CPA, projects a loss profit analysis for commissions due from crop insurance as well as multi peril premiums over a five-year period. There is no basis for selection of a five-year period for commissions. It is merely speculation and nothing more. Moreover, there was testimony that "imputed" premiums only applied to multi-peril losses and not crop losses. However, Berry applied the same commission loss factor to all categories. In addition, Berry testified that his calculations were for "gross profits." Given that Rhea is seeking lost commissions for his company, even if it is a d/b/a, presumably there are expenses in running a business and some portion would have to be allocated to incurred costs. Therefore, any analysis should be on a loss of net income to the business

measured by a reasonable certainty not gross profits. Any loss, however, cannot be based on mere speculation or hypothesis. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 50 (Tex. 1998).

The remaining calculations were evidently prepared by Rhea's daughter, who is in the business, and merely involve a calculation of what was paid to Newhouse during a specified time. No special expertise is required for the jury to either add or subtract as it sees fit for the remaining matters. Newhouse's challenge to the testimony of Berry is sustained.

The motions to strike (Dkts. 84 & 108) are DENIED as to Wendy Carlson and GRANTED as to William Berry and he shall not be permitted to present expert testimony herein.

**SO ORDERED**.

SIGNED this 13th day of August, 2013.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE