## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| PaDRE NTERPRISES, INC. and<br>H. PAUL NEWHOUSE,<br><br>    Plaintiffs,<br><br>v.<br><br>HUGH GARY RHEA d/b/a RMP<br>CROP INSURANCE,<br><br>    Defendant. | § § § § § § § § § § § § § | Case No. 4:11-CV-674 |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

The following are pending before the court:

1. Plaintiffs' memorandum in support of motion for attorneys' fees (docket entry #204);

2. Defendant's response in opposition to Plaintiffs' motion for attorneys' fees and costs (docket entry #205);

3. Plaintiffs' reply to Defendant's response in opposition to Plaintiffs' motion for attorneys' fees and costs (docket entry #206);

4. Defendant's sur-reply to Plaintiffs' reply to Defendant's opposition to Plaintiffs' motion for attorneys' fees and costs (docket entry #207); and

5. Plaintiffs' response and objection to Defendant's sur-reply to Plaintiffs' motion for attorneys' fees and costs (docket entry #208).

Having considered the Plaintiffs' motion and the responsive briefing thereto, the court finds that the motion should be granted in part.

"The award of attorney's fees in a diversity case is governed by state law." *Structural Metals, Inc. v. S & C Elec. Co.*, 590 F. App'x 298, 304 (5th Cir. 2014), citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). "'Texas follows the American Rule, which provides that there

can be no recovery of attorney's fees unless authorized by contract or statute.'" *Id.*, quoting *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013). Notwithstanding that general rule, Texas law specifically provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract." *See id.*; TEX. CIV. PRAC. & REM. CODE § 38.001(8).

"To recover fees under section 38.001, the plaintiff must have 'present[ed] the claim to the opposing party.'" *Id.* at 305, quoting TEX. CIV. PRAC. & REM. CODE § 38.002. It is undisputed that the Plaintiffs satisfied the presentment requirement.

The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). "First, the court determines the 'reasonable hours spent by counsel in the case and a reasonable hourly rate for such work.'" *Structural Metals, Inc.*, 590 F. App'x at 308, quoting *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). "Second, the court multiplies the number of hours by the applicable rate, yielding the lodestar." *Id.*, citing *Olivas*, *supra*. "The court then adjusts the lodestar up or down based on reasonableness factors laid out in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)." *Id.* "Factors that a factfinder should consider when determining the reasonableness of a fee include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered."

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citations omitted).

At the conclusion of the bench trial, the court found that the Plaintiffs were the prevailing parties in this breach of contract case. The court further found that the Plaintiffs were entitled to recover reasonable attorneys' fees from the Defendant. The court now turns to the two-step process mentioned above to calculate a reasonable attorneys' fee award.

### A. LODESTAR

#### 1. Hours Expended

The Plaintiffs allege that they incurred attorneys' fees in the amount of $542,212.00 and seek reimbursement for the same. The hours expended are divided as follows:

Lewis Isaacks. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 235 hours

Emily D. Newhouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1660 hours.

#### 2. Prevailing Hourly Rate

Based on affidavits submitted to the court, the attorneys seek to be compensated at the following hourly rates:

Lewis Isaacks. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$275/hour

Emily D. Newhouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $300/hour.

The Defendant has not asserted any objections to the hours expended by Mr. Isaacks. Additionally, the Defendant does not contest Mr. Isaacks' hourly rate. However, the Defendant contests the hours expended by Ms. Newhouse as well as her hourly rate.

In his affidavit, Mr. Isaacks averred that his standard hourly rate is $350 per hour. However, Mr. Isaacks averred that he provided legal services to the Plaintiffs at the reduced rate of $275 per hour due to his personal relationship with Plaintiff Newhouse and the financial hardships placed on the Plaintiffs in pursuing this case.

Ms. Newhouse, on the other hand, requests reimbursement at a slightly higher hourly rate. Although Plaintiff Newhouse is Ms. Newhouse's father, Ms. Newhouse provided legal services to the Plaintiffs at the rate of $300 per hour.[1] Apparently, counsel for the Defendant agrees that legal services at a rate of $300 per hour is reasonable. However, the Defendant objects to Ms. Newhouse billing at the rate of $300 per hour when her co-counsel, who has more experience, billed at a reduced rate. Since the parties have previously agreed that attorneys' fees billed at $300 per hour is reasonable for this type of lawsuit in Collin County, Texas, the court finds that Ms. Newhouse's billable rate of $300 per hour is reasonable.

The court now turns to the number of hours Ms. Newhouse expended in this case. Having reviewed Ms. Newhouse's time records (127 pages in total), the court "finds that the hours of attorney time purportedly expended in this case are not within the range of reasonableness for the tasks performed in connection with this litigation." *Lewis v. Hurst Orthodontics, PA*, 292 F.Supp.2d

---

[1]Ms. Newhouse, a solo practitioner, averred that since she does not employ a paralegal or legal assistant, work that would have been typically performed by a paralegal or legal assistant in this case was billed at a rate of $100 per hour. The number of hours expended by both Mr. Isaacks and Ms. Newhouse include hours that were performed by, or would have been typically performed by, a legal assistant. Mr. Isaacks also billed his legal assistant's time at $100 per hour.

908, 910 (W.D. Tex. 2003). First, the Defendant objects to Ms. Newhouse's request for $44,220 in attorney's fees that relate to a prior sanctions motion and order involving a discovery dispute. It appears to the court that Ms. Newhouse is attempting for a second time to recover an inflated fee for her work regarding this discovery dispute. In his July 2, 2014 report and recommendation regarding the Plaintiffs' motion for sanctions, Magistrate Judge Bush found as follows:

> As to the amount of requested fees, the Court agrees with Defendants that $44,000 is excessive for the fees incurred in relation to the discovery dispute at issue. The Court finds that $6,000 of attorney's fees, representing 20 hours of Ms. Newhouse's rate of $300 per hour (which the Court notes is higher than the hourly rates of the three other lawyers who are working on the case), are the reasonable expenses attributable to Defendants' dilatory conduct. The Court notes that much of the dispute should have been resolved prior to the filing of the motion. However, many of Plaintiffs' costs were unnecessarily self-inflicted.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING MOTION FOR SANCTIONS, (Dkt. #184), p. 3.[2] Since the Magistrate Judge recommended, and this court agreed, that Ms. Newhouse's requested attorney's fees with respect to this discovery dispute should be reduced from $44,000 to $6,000, the court finds that Ms. Newhouse should not be permitted to revisit this issue or recover the requested amount of $44,220. Further, since Ms. Newhouse already recovered $6,000 in attorney's fees for this discovery dispute, she may not recover said amount again as the same would result in a double recovery. Accordingly, Ms. Newhouse's attorney's fee award shall be reduced by $44,220.

Second, the Defendant argues that Ms. Newhouse's attorney's fee award should be reduced by $20,000 because Ms. Newhouse spent over 70 hours on a "simple service of process issue on which Defendant prevailed." DEF. RESPONSE IN OPPOSITION TO PLAINTIFFS' MTN. FOR ATTORNEYS'

---

[2]This court adopted the Magistrate Judge's report and recommendation on April 14, 2015. *See* Dkt. #191.

FEES AND COSTS, (Dkt. #205), p. 3, § 2, n.1. Finally, the Defendant objects, generally, to "scores of entries for typically clerical and secretarial items, conferences with co-counsel, vague and undiscernible [sic] representations of activities none of which represent the provision of attorney's services or attorney's fees." DEF. RESPONSE IN OPPOSITION TO PLAINTIFFS' MTN. FOR ATTORNEYS' FEES AND COSTS, (Dkt. #205), p. 4, § B. The Defendant highlighted the objectionable portions of Ms. Newhouse's time records and asks the court to reduce Ms. Newhouse's fee award by $44, 230. The court finds that while Ms. Newhouse should be permitted to recover attorney's fees on the above-referenced issues, the amount of time expended on the same is not reasonable.

The court notes that Ms. Newhouse seeks an award of attorney's fees in the amount of $481,872. The court, having previously determined that Ms. Newhouse's attorney's fee award should be reduced by $44,220, begins its lodestar calculation for Ms. Newhouse with the amount of $437,652 ($481,872 - $44,220 = $437,652). Having reviewed Ms. Newhouse's billing entries, the court finds that Ms. Newhouse should be allowed to recover 35% of her requested fees. Accordingly, Ms. Newhouse is entitled to recover $153,178.20 in attorney's fees. The court notes that the Defendant requests that Ms. Newhouse's attorney's fee award should be the same as Mr. Isaacks' requested fee award ($60,340). The Defendant argues that Ms. Newhouse should not recover more than Mr. Isaacks, the senior attorney in this case with far more experience. Ms. Newhouse and Mr. Isaacks performed vastly different roles in this lawsuit. Ms. Newhouse's primary role was to manage this case prior to trial, which included discovery issues and pre-trial motions. Mr. Isaacks, on the other hand, was responsible for deposing witnesses and appearing as lead counsel at the trial of this case. From the time this lawsuit was filed in September 2011 until trial commenced in May 2015, several dispositive motions were filed and other disputes arose that

would have required Ms. Newhouse's attention.  As such, even though Mr. Isaacks was the senior attorney in this case with more experience, Ms. Newhouse should be permitted to recover a more substantial fee award in light of her pre-trial responsibilities.

Accordingly, pursuant to the lodestar analysis, the attorneys' fees are as follows:

1. Lewis Isaacks – $60,340; and
2. Emily D. Newhouse – $153,178.20.

The total lodestar amount is $213,518.20.

### B. THE *ARTHUR ANDERSON* FACTORS

Counsel spent little time analyzing the *Arthur Anderson* factors.  Ms. Newhouse averred that she was, at times, precluded from accepting other employment.  Additionally, Ms. Newhouse averred that "[t]he novelty and difficulty of the questions involved in this case [crop insurance] required [her] to spend more than 1660 hours prosecuting and defending this cause of action over the course of three and one-half years . . . ." PLAINTIFFS' MEMORANDUM IN SUPPORT OF MTN. FOR ATTORNEYS' FEES, (Dkt. #204), EXH. 2, p. 4, ¶ 9.  The Defendant merely responds, without support, that since Plaintiff Newhouse is Ms. Newhouse's primary client, Ms. Newhouse did not lose any additional business.  Having considered many of the *Arthur Anderson* factors in calculating the lodestar, the court is not persuaded to adjust the lodestar, either up or down, based on the limited arguments of counsel concerning loss of additional employment or the novelty of the issues presented.

### CONCLUSION

Based on the foregoing, the Plaintiffs' memorandum in support of motion for attorneys' fees (docket entry #204) is **GRANTED IN PART**.  The Plaintiffs are awarded attorneys' fees in the

amount of $213,518.20 to be distributed as follows:

    1.    Lewis Isaacks – $60,340; and

    2.    Emily D. Newhouse – $153,178.20.

In the event this case is appealed to the United States Court of Appeals for the Fifth Circuit, the Plaintiffs are awarded reasonable attorneys' fees in the amount of $50,000.[3]

    IT IS SO ORDERED.

**SIGNED this the 3rd day of March, 2016.**

*(signature: Richard A. Schell)*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[3] The Defendant did not object to the Plaintiffs' request for attorneys' fees in the amount of $50,000 in the event this case is appealed.